## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| STEPHEN BERNARD BLACKSTONE, ) | |
| ) | Civil Action No. 2:12 - 899 |
| Plaintiff, ) | |
| ) | Magistrate Judge Cynthia Reed Eddy |
| v. ) | |
| ) | |
| A. L. THOMPSON, ) | |
| ) | |
| Defendant. ) | |
| ) | |
| ) | |

### MEMORANDUM ORDER

Presently before the Court are Plaintiff's Motion for Order of Court Compelling Defendant to Provide Plaintiff with Extraordinary Documents the Defendant Alleged to be Privileged (ECF No. 35) and Plaintiff's Motion Requesting Additional Production of Documents (ECF No. 36). Through these motions, Plaintiff seeks discovery related to Defendant's subjective knowledge concerning the danger posed by a fellow inmate, which forms the basis of his civil rights action against a DOC official based on his alleged failure to have protected him from attack. For the reasons set forth below, Plaintiff's Motions are granted in part and denied in part.

### A. Legal Standard

The general framework for determining the scope of allowable discovery for cases in federal courts is provided by Federal Rule of Civil Procedure 26(b), which provides as follows.

**(b) Discovery Scope and Limits.**

> **(1) Scope in General.** Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense-- including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and

1

location of persons who know of any discoverable matter. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence. All discovery is subject to the limitations imposed by Rule 26(b)(2)(C).

**(2) Limitations on Frequency and Extent.**

(A) *When Permitted.* By order, the court may alter the limits in these rules on the number of depositions and interrogatories or on the length of depositions under Rule 30. By order or local rule, the court may also limit the number of requests under Rule 36.

(B) *Specific Limitations on Electronically Stored Information.* A party need not provide discovery of electronically stored information from sources that the party identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the party from whom discovery is sought must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(C) *When Required.* On motion or on its own, the court must limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that:

(i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive;

(ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or

(iii) the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues.

Fed.R.Civ.P. 26(b).

Generally, courts afford considerable latitude in discovery in order to ensure that litigation proceeds with "the fullest possible knowledge of the issues and facts before trial."

Hickman v. Taylor, 329 U.S. 495, 501. The polestar of discovery is relevance, which, for discovery purposes, is interpreted broadly. All relevant material is discoverable unless an applicable evidentiary privilege is asserted. Pearson v. Miller, 211 F.3d 57, 65 (3d Cir. 2000). When there is no doubt about relevance, a court should tend toward permitting discovery. Heat and Control, Inc. v. Hester Industries, Inc., 785 F.2d 1017, 1024 (Fed. Cir. 1986) (citing Deitchman v. E.R. Squibb & Sons, Inc., 740 F.2d 556, at 556 (7th Cir. 1984)).

Fed.R.Civ.P. 34 requires that a party served with a document request either produce the requested documents or state a specific objection for each item or category objected to. The burden is upon the party objecting to discovery to state the grounds for the objection with specificity. Fed.R.Civ.P. 33(b)(4); Momah v. Albert Einstein Medical Center, 164 F.R.D. 412, 417 (E.D. Pa. 1996). "Mere recitation of the familiar litany that an interrogatory or a document production request is overly broad, burdensome, oppressive and irrelevant will not suffice." *Id.* (quoting Josephs v. Harris Corp., 677 F.2d 985, 992 (3d Cir. 1982)). The objecting party must demonstrate in specific terms why a particular discovery request does not fall within the broad scope of discovery or is otherwise privileged or improper. Goodman v. Wagner, 553 F. Supp. 255, 258 (E.D. Pa. 1982). The party attempting to withhold the release of relevant material on the grounds of privilege must also "describe the nature of the documents, communications, or other tangible things not produced or disclosed ... in a manner that ... will enable other parties to assess the claim." Fed.R.Civ.P. 26(b)(5)(A)(ii). Once an objection has been properly articulated, the burden rests with the party seeking discovery to show that a discovery request lies within the bounds of Rule 26. Momah, 164 F.R.D. at 417. Then, the party opposing discovery must convince the court why discovery should not be had. *Id.* (citing Amcast Indus. Corp. v. Detrex Corp., 138 F.R.D. 115, 118–19 (N.D. Ind. 1991)).

Federal Rule of Civil Procedure 37 allows a party who has received evasive or incomplete discovery responses to seek a court order compelling additional disclosure or discovery. "The party seeking the order to compel must demonstrate the relevance of the information sought. The burden then shifts to the opposing party, who must demonstrate in specific terms why a discovery request does not fall within the broad scope of discovery or is otherwise privileged or improper." Option One Mortgage Corp. v. Fitzgerald, Civil No. 3:07-1877, 2009 WL 648986 at *2 (M.D. Pa. Mar.11, 2009). With these principles in mind, the Court will review Plaintiff's requests.

**B. Discussion**

Plaintiff has filed two motions seeking to compel specific discovery requests relating to his suit against a correctional officer based on his alleged failure to have protected Plaintiff from attack by inmate Gary Weedon. His requests are addressed *seriatim* below.

1. Inmate Weedon's commitment papers detailing his crimes and sentence.

In his first request, Plaintiff seeks information relating to the crimes for which Inmate Weedon is incarcerated. Defendant objects to this request and states that an inmate getting an "H-Code," or "high risk" designation is not based on the crimes an inmate committed. Rather, an "H-Code" is based on an inmate's behavior while in prison. Thus, this information is irrelevant and is **DENIED**.

2. Request for Weedon's security report and DOC policy concerning designation of H-Code inmates.

Defendant objects to this request citing security concerns. The Court is troubled, however, as this information seems particularly relevant to Plaintiff's claims concerning whether Defendant knew, or should have known, that inmate Weedon presented a particular risk of harm to Plaintiff. In particular, Defendants' withholding of this information may result in a disputed

4

issue of fact as to whether Defendant knew, or should have known, that this inmate was a security risk and disregarded it despite Plaintiff's warnings. Moreover, the court is highly suspect of Defendant's claim that it would "court disaster" to give an inmate the highly confidential policies on how prisoners are classified. In fact, common sense seems to indicate that it is just as likely that knowing the policy at issue may influence prisoners to modify their behavior in such a way as to avoid adverse classification.

Because this information is highly relevant to Plaintiff's claim, and in light of Defendant's assertion of the potential security risk, Defendant is **ORDERED** to produce to this Court for *in camera* review the DOC policy or policies relating to the designation of H code status and any and all reports, written communication, *etc.* that formed the basis for the designation of Weedon's H code status on or before March 15, 2013.

3. Request for documents that show Weedon's cellmate history.

Plaintiff requests documents, data, *etc.*, that show when Inmates Mark Williams and Brian Pruitt were housed on BB Unit with Gary Weedon between June 23, 2011 and October 1, 2011. Plaintiff asserts that he needs these documents to show that the Defendant knew that Weedon had "continuous problems" with his cellmates. Plaintiff continues that these documents would show that the Defendant did not move other inmates away from Weedon despite Weedon being a problem. Defendant claims that the cell histories of Weedon and the two other inmates will show only what inmate was in what cell, at what time.

I agree with Plaintiff that this information may be relevant to this case. Even if this report does not show actually what happened, it may lead to other discoverable information that shows that occurrences did happen between these cell mates during the relevant time period.

5

Therefore, Defendant is **ORDERED** to provide this information to Plaintiff on or before March 15, 2013.

4.    Defendant's work schedule.

Plaintiff wants seven months of Defendant's work schedule and/or duty roster from June 23, 2011 through January 28, 2012. Plaintiff says he needs these documents to show that the Defendant was working on BB Unit during that time and, therefore, was aware, or should have been aware, of Weedon's violent tendencies. I agree with Plaintiff that this information is relevant to his claim. Moreover, Defendants do not assert any privilege as to this information. Thus, Defendant is **ORDERED** to provide this information to Plaintiff on or before March 15, 2013.

5.    Request for the DC-700/BA and BB Unit block log.

Defendants do not claim privilege and these documents are relevant to Plaintiff's allegations. Thus, Defendant is **ORDERED** to provide this information to Plaintiff on or before March 15, 2012.

6.    Request for law library schedule from January 1, 2012 to January 31, 2013.

Plaintiff wants this document to prove that when he returned from the law library on January 23, 2012, Defendant confronted him regarding the incident. Defendant claims that Plaintiff already has declarations to that effect including the substance of the conversation between Plaintiff and the Defendant. I agree and **DENY** this claim.

7.    Request for incident reports involving inmate on inmate fights and assaults and all assaults on corrections officer from January 1, 2009 to present at SCI-Greene.

Defendant claims that any type of information regarding assaults/fights between inmates and inmates and CO's is irrelevant to Plaintiff's claim that one inmate, Weedon, posed a specific threat to him and despite Plaintiff informing Thompson of this, Thompson did nothing. I agree

6

with Defendant that this request is irrelevant and overly broad. To the extent that Plaintiff is seeking information as to inmate assaults by Weedon, that information is directly relevant to his claims. Therefore, Defendant is **ORDERED** to provide Plaintiff on or before March 15, 2012, any available information, including all incident reports, concerning inmate assaults by inmate Weedon from January 1, 2009 to present at SCI-Greene to the extent that such information has not otherwise been provided.

8.    Request for all documents/policies covering CO responses to inmate on inmate threats and violence throughout the entire DOC plus any inspections, inquiry, or complaints about safety conditions or risk of inmate to inmate violence at SCI-Greene.

Defendants claim this is overly broad and I agree. Therefore, this request is **DENIED**.

9.    Request for Weedon's Grievance concerning his H-Code status.

In his Motion for Leave to Request Additional documents, Plaintiff requests a copy of a grievance that Weedon filed concerning his own H-Code status. For the same reasons set forth in Number 2 above, Defendant is **ORDERED** to produce to this Court on or before March 15, 2013, for *in camera* review, a copy of the Grievance, and all responses and appeals thereto, that Weedon filed concerning his own H-Code status.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b) (1), and Rule 72.C.2 of the Local Rules of Court, the parties are allowed fourteen (14) days from the date of this Order to file an appeal to the District Judge which includes the basis for objection to this Order. Failure to file a timely appeal will constitute a waiver of any appellate rights.

Cynthia Reed Eddy
United States Magistrate Judge

Stephen Bernard Blackstone

7

GE-5445
SCI Greene
17 Progress Drive
Waynesburg, PA 15370