IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| STEPHEN BERNARD BLACKSTONE,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>A. L. THOMPSON,<br>　　　　　　Defendant. | )<br>)  Civil Action No. 12-899<br>)<br>)  Judge Cathy Bissoon<br>)  Magistrate Judge Cynthia Reed Eddy<br>)<br>)<br>)<br>) |

**ORDER**

Presently pending before the Court is Plaintiff's Motion for Leave of Court for a Temporary Restraining Order (Doc. 68) and Defendant's Response in Opposition (Doc. 70). After consideration of the written submissions, and for the reasons that follow, the motion is denied.

Plaintiff, an inmate at the State Correctional Institution at Greene ("SCI-Greene"), brings this lawsuit *pro se* pursuant to 42 U.S.C. § 1983 for alleged violations of his Eighth and Fourteenth Amendment rights. Specifically, Plaintiff alleges that Defendant failed to prevent him from being assaulted by another prisoner.

In the instant motion, Plaintiff alleges that on August 19, 2013, after he had filed a response to Defendant's motion for summary judgment, he was approached by three (3) correctional officers who stripped searched him, "ransacked" his cell, and improperly removed legal materials from his cell. Thereafter, according to Plaintiff, on August 21, 2013, and August 22, 2013, Defendant Thompson approached inmate Walker, who is a witness for Plaintiff in this lawsuit, and threatened and harassed inmate Walker. Plaintiff asks the Court to issue a temporary restraining order ("TRO") to keep Defendant Thompson and his co-workers from retaliating

against and harassing/intimidating Plaintiff and inmate Walker.

Injunctive relief is an "extraordinary remedy, which should be granted only in limited circumstances." *Novartis Consumer Health v. Johnson & Johnson–Merck Consumer Pharms. Co.,* 290 F.3d 578, 586 (3d Cir. 2002) (quotation and citation omitted).  The Court must consider four (4) factors in determining whether to grant Plaintiff's motion for TRO: (1) the likelihood of success on the merits; (2) whether the movant will be irreparably harmed without the restraint; (3) whether the party to be enjoined will be irreparably injured if the preliminary relief is granted; and (4) whether the public interest will be served by the preliminary relief.  *Maldonado v. Houstoun*, 157 F.3d 179, 184 (3d Cir. 1998).  A plaintiff must establish that all four factors favor preliminary relief.  *Opticians Ass'n of America v. Independent Opticians of America*, 920 F.2d 187, 191-92 (3d Cir.1990).  Applying these four factors to this matter, the Court concludes that Plaintiff has failed to make the required showing to justify the extraordinary remedy of injunctive relief.

As a preliminary matter, the Court notes that the public interest is best served if the courts do not get involved in the daily operations of a prison, particularly prior to a finding that the Constitution has been violated.  Defendant has provided the declarations of Corrections Officer David Santi and Defendant SCI-Greene Counselor A. L. Thompson to provide an explanation for the complaints contained within Plaintiff's motion.  CO Santi states that he was informed that Plaintiff was in possession of portions of the PACT manual and was instructed to retrieve that paperwork.[1]  A search of Plaintiff's cell was conducted by SCI-Greene Security Department

---

[1] The "PACT manual" is the Department of Corrections 11.2.1, Reception and Classification Procedures Manual, Section 3 - Pennsylvania Addictive Classification Tool.  During discovery, Plaintiff requested this document but Defendant argued that Plaintiff should not be provided with this document as it presented a security risk.  Magistrate Judge Cynthia Reed Eddy agreed and concluded that Plaintiff should not be provided with PACT documentation.

personnel, and portions of the PACT manual were discovered and removed.

In his Declaration, Defendant Thompson states that, although he is not inmate Walker's counselor, inmate Walker often seeks him out to voice various concerns that he feels his counselors are not addressing.  Defendant Thompson specifically denies that he has ever harassed or threatened inmate Walker.  Rather, according to Defendant Thompson, he recently told inmate Walker that he no longer could talk to him while this lawsuit was ongoing, especially in light of the fact that inmate Walker had "made untrue statements about Thompson."

The Court concludes that Plaintiff has failed to establish that he will be irreparably harmed if his motion for injunctive relief is denied.  To the contrary, Plaintiff has failed to establish that he has been harmed in any way by any of the actions complained of in his motion.  Moreover, Plaintiff has not made a clear showing that he will likely prevail on the merits.  The record before this Court is clear that a legitimate reason existed for the search of Plaintiff's cell and the removal of the PACT documents.

For the reasons stated above, Plaintiff's Motion for Leave of Court for a Temporary Restraining Order (Doc. 68) is **DENIED**.

IT IS SO ORDERED.


September 27, 2013                              s\Cathy Bissoon
                                                Cathy Bissoon
                                                United States District Judge

cc (via ECF email notification):

All Counsel of Record

---

However, Plaintiff gained access to portions of this document and attached them to his response to Defendant's Motion for Summary Judgment (Doc. 66-6.)  On August 14, 2013, Defendant filed a motion to remove the document from public view, which request was granted.  See Text Order dated August 14, 2013.

cc (via First-Class U.S. Mail):

Stephen Bernard Blackstone
GE-5445
S.C.I. Greene
175 Progress Drive
Waynesburg, PA 15370