IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| STEPHEN BERNARD BLACKSTONE, | ) | |
|---|---|---|
| Plaintiff, | ) | Civil Action No. 2: 12-cv-00899 |
| | ) | |
| v. | ) | |
| | ) | United States Magistrate Judge |
| A.L. THOMPSON, | ) | Cynthia Reed Eddy |
| Defendant. | ) | |

**REPORT AND RECOMMENDATION**

**I. RECOMMENDATION**

For the reasons that follow, it is respectfully recommended that Defendant's Motion for Summary Judgment (ECF No. 53) be granted.

**II. REPORT**

**A. Relevant and Material Facts**

Stephen Bernard Blackstone ("Plaintiff" or "Blackstone"), an inmate currently incarcerated at the State Correctional Institution at Greene in Waynesburg, PA, brings suit pursuant to 42 U.S.C. § 1983 against Corrections Officer Alfred L. Thompson ("Defendant" or "Thompson") for alleged violations of his Eighth and Fourteenth Amendment Rights. Compl., [ECF No. 9]. Specifically, Blackstone brings a failure to protect claim against Defendant for allegedly failing to protect Blackstone from being assaulted by his cellmate, Gregory Weedon. *Id.* at ¶ 1.

The events giving rise to this case occurred in a span of under four consecutive hours. *Id.* at ¶¶ 6, 11. On November 9, 2011, at approximately 3:30 PM, Blackstone alleges he approached Thompson, the correctional officer on duty in his housing unit, and informed Thompson that he and Weedon "weren't getting along . . . [and] that he did not feel comfortable being around his

1

cellmate." *Id.* at ¶ 7. Blackstone alleges he requested that he be moved to a different housing unit because of these concerns. *Id.*

Thompson, lacking the authority to transfer Blackstone unilaterally, provided Blackstone with a DC-135A *Request to Staff* form and instructed him to fill out the form and give it to the Unit Manager for review the following day. *Id.* at ¶ 9; Defendant's Concise Statement of Material Facts in Dispute, [ECF No. 55 at ¶ 2]. Blackstone filled out the form and immediately placed it in the Unit Manager's mailbox. Compl., [ECF No. 9 at ¶ 10].

At 6:46 PM that evening, while lounging in the facility's dayroom, Blackstone alleges he was assaulted by Weedon resulting in facial contusions, blurred vision, lingering headaches, and a fractured orbital bone.[1] *Id.* at ¶¶ 11, 17, 19. Thompson concedes that an altercation took place between Blackstone and Weedon; however he contends that it was a mutual fight and not an "assault" on Blackstone. Defendant's Concise Statement of Material Facts in Dispute, [ECF No. 55 at ¶ 5].

Blackstone alleges that Thompson failed to protect him from Weedon. Blackstone unsuccessfully exhausted all administrative remedies as required by the Prisoner Litigation Reform Act, 42 U.S.C. § 1997e(a). Blackstone now seeks from Thompson, in his individual and official capacities, compensatory damages of $190,000, punitive damages of $50,000, and nominal damages as the law permits. Compl., [ECF No. 9 at ¶¶ 56–58].

Now before the court is Thompson's Motion for Summary Judgment and accompanying Brief in Support. [ECF Nos. 53 & 54]. The issues have been fully briefed and the factual record has been thoroughly developed via Defendant's Concise Statement of Material Facts [ECF No.

---

[1] There seems to be a dispute as to whether or not Blackstone suffered the fractured orbital bone as a result of the altercation at issue or from a prior incident. Plaintiff's Brief in Opposition to Defendant's Summary Judgment Motion; Exhibit T, Plaintiff's Medical Records, [ECF No. 66-20 at p. 9].

55], the Appendix to Defendant's Concise Statement of Material Facts [ECF No. 56], Plaintiff's Responsive Statement of Facts [ECF No. 64], and the Appendix to Plaintiff's Responsive Statement of Facts [ECF No. 65].

### B. Standard of Review for Motion for Summary Judgment

Federal Rule of Civil Procedure 56(a) provides that summary judgment shall be granted if the "movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." The moving party has the initial burden of proving to the district court the absence of evidence supporting the non-moving party's claims. *Celotex Corp. v. Catrett*, 477 U.S. 317, 330 (1986); *Andreoli v. Gates*, 482 F.3d 641, 647 (3d Cir. 2007); *UPMC Health System v. Metropolitan Life Ins. Co.*, 391 F.3d 497, 502 (3d Cir. 2004).

The burden then shifts to the non-movant to come forward with specific facts showing a genuine issue for trial. Fed.R.Civ.P. 56(e); *Williams v. Borough of West Chester, Pa.,* 891 F.2d 458, 460–61 (3d Cir. 1989) (the non-movant must present affirmative evidence—more than a scintilla but less than a preponderance—which supports each element of his claim to defeat a properly presented motion for summary judgment). The non-moving party must go beyond the pleadings and show specific facts by affidavit or by information contained in the filed documents ( i.e., depositions, answers to interrogatories and admissions) to meet his burden of proving elements essential to his claim. *Celotex,* 477 U.S. at 322. *See also Saldana v. Kmart Corp.*, 260 F.3d 228, 232 (3d Cir. 2001). The non-moving party "must present more than just bare assertions, conclusory allegations or suspicions to show the existence of a genuine issue." *Garcia v. Kimmell*, 381 F. App'x 211, 213 (3d Cir. 2010) (quoting *Podobnik v. U.S. Postal Serv., 409 F.3d 584, 594 (3d Cir.2005)).

When considering a motion for summary judgment, the Court is not permitted to weigh the evidence or to make credibility determinations, but is limited to deciding whether there are any disputed issues and, if there are, whether they are both genuine and material. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). The court must consider the evidence, and all reasonable inferences which may be drawn from it, in the light most favorable to the non-moving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). *See also El v. SEPTA*, 479 F.3d 232, 238 (3d Cir. 2007). Importantly, however, in a case such as this one where there is a video recording of the incidents in question, the Court need not adopt the non-movant's version of the facts if the recording "blatantly contradict[s]" the non-movant's version "so that no reasonable jury could believe it." *Scott v. Harris*, 550 U.S. 372, 380 (2007).

Because Plaintiff is proceeding *pro se*, the Court is required to liberally construe his pleadings. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Nonetheless, this does not require the Court to credit his "bald assertions" or "legal conclusions." *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir.1997). Thus, for example, mere allegations, without support, are insufficient. Rather, the allegations must be supported by evidence, which the Court will evaluate under the standard described above to determine if there is merit beyond mere conclusions.

**Discussion and Analysis**

After careful consideration of the summary judgment record, the Court finds that Plaintiff has failed to adduce genuine issues of material fact necessary to support elements of his failure to protect claim pursuant to 42 U.S.C. § 1983. Therefore, it is recommended that Defendant, Corrections Officer Thompson, is entitled to summary judgment.

**Failure to Protect Claim**

In asserting a failure to protect claim,[2] Blackstone invokes the Eighth Amendment's Cruel and Unusual Punishments Clause which imposes on prison officials "a duty to protect prisoners from violence at the hands of other prisoners." *Farmer v. Brennan*, 511 U.S. 825, 833 (1994). To succeed on a failure to protect claim, Blackstone must show that:

(1) He was incarcerated under condition posing a substantial risk of serious harm;
(2) The defendant was 'aware of facts from which the inference could be drawn that a substantial risk of serious harm exists';
(3) The defendant actually drew this inference; and
(4) The defendant deliberately disregarded the apparent risk.

*Jones v. Day, et al.*, 2007 WL 30195 at *3 (W.D. Pa. Jan. 4, 2007) (quoting *Farmer*, 511 U.S. at 834–37). The United States Supreme Court has held that it is "not, however, every injury suffered by one prisoner at the hands of another that translates into constitutional liability for prison officials responsible for the victim's safety." *Farmer*, 511 U.S. at 834. Rather, Blackstone must establish that Defendant Thompson displayed "deliberate indifference" for his safety. *Farmer*, 511 U.S. at 834. The Court of Appeals for the Third Circuit, expounding upon the United States Supreme Court's characterization in *Farmer* of "deliberate indifference" as equivalent to "criminal recklessness," held:

'Deliberate indifference' in this context is a subjective standard: 'the prison official-defendant must actually have known or been aware of the excessive risk to inmate safety.' It is not sufficient that the official should have known the risk.

---

[2] While Blackstone alleges Eighth and Fourteenth Amendment violations, his Fourteenth Amendment claim is foreclosed by United States Supreme Court precedent. "Where a particular amendment 'provides an explicit textual source of constitutional protection' against a particular sort of government behavior, 'that Amendment, not the more generalized notion of "substantive due process," must be the guide for analyzing [a plaintiff's] claims.'" *Albright v. Oliver*, 510 U.S. 266, 273 (1994) (quoting *Graham v. Connor*, 490 U.S. 386, 395 (1989)). Because the Eighth Amendment provides an explicit source of protection for deliberate indifference to prisoner's safety, Blackstone's Fourteenth Amendment claim is preempted by the Eighth Amendment.

5

> A plaintiff can, however, prove an official's actual knowledge of a substantial risk to his safety 'in the usual ways, including inference from circumstantial evidence.

*See Bistrian v. Levi*, 696 F.3d 352, 367 (3d Cir. 2012) (quoting *Farmer*, 511 U.S. at 836–37). Thus, in order to survive summary judgment, Blackstone must establish that Thompson "knowingly and unreasonably disregard[ed] an objectively intolerable risk of harm." *Farmer*, 511 U.S. at 846. The Court finds that Blackstone has failed to do so.

Based on the undisputed evidence in the summary judgment record, Blackstone approached Thompson at 3:30 PM on the day of the altercation and told Thompson that he and Weedon "weren't getting along" and that he "did not feel comfortable being around his cellmate." Defendant's Brief in Support of Motion for Summary Judgment, [ECF No. 54 at p. 4]; Plaintiff's Brief in Opposition to Defendant's Summary Judgment Motion, [ECF No. 66 at pp. 1–2]. There is no evidence in the record to suggest that Blackstone communicated to Thompson a specific fear of being assaulted Weedon.[3] Generalized grievances, particularly when communicated to Thompson for the first time less than four hours before the subsequent altercation between Blackstone and Weedon, are insufficient to establish that Thompson had knowledge that Blackstone's safety was at risk. *O'Connell v. Williams*, 241 Fed. Appx. 55, 58 (3d Cir. 2007) (plaintiff's repeated requests for a new cell and allegations that he and his cellmate were "not getting along" were insufficient to establish that defendant was aware of a serious threat to plaintiff's safety). Additionally, the Court of Appeals for the Third Circuit has held that repeated complaints to multiple guards over a three week period failed to establish "specific threats of harm." *Jones v. Beard*, 145 Fed. Appx. 743, 745 (3d Cir. 2005). Thus,

---

[3] Blackstone puts forth affidavits from several other inmates all of whom confirm that the conversation between Blackstone and Thompson took place. That the conversation took place is not disputed, and the affidavits support Thompson's version of the conversation. Compl., Exhibits N, P and Q [ECF No. 9-14, 15, 16].

6

Blackstone's generalized complaints, alone, fail to establish that Thompson was aware of a serious threat to Blackstone's safety.

Contemporaneously with complaining about Weedon, Blackstone also requested that Thompson transfer him to a new housing unit. Compl., [ECF no. 9 at ¶ 7]. Thompson, lacking the authority to unilaterally transfer any prisoner, provided Blackstone with a transfer request form, which Blackstone promptly filled out and turned into the unit manager who was out for the day. *Id.* at ¶ 8. The summary judgment record reflects that Thompson never saw the filled out request form and that Blackstone used the same generalized language that he "[didn't] feel comfortable" with Weedon. *Id.*; Exhibit A, Plaintiff's Request to Staff Member [ECF No. 9-1]. Therefore, the request form fails to bolster Blackstone's allegation that Thompson was aware that Blackstone's safety was at risk.

In an attempt to further establish that Thompson was aware that Blackstone's safety was at risk, Blackstone points to Weedon's status as an "H-Code" inmate. Plaintiff's Brief in Opposition to Defendant's Summary Judgment Motion, [ECF No. 66 at pp. 8–10]. Weedon was designated as an "H-Code" inmate due to his "history of instigating assault [and that he was an] escape risk." *Id.*; Exhibit H, Inmate Weedon's Classification, [ECF No. 66-8 at p. 2]. Thompson does not deny that he knew that Weedon was an "H-Code" inmate; but instead asserts that "prisons are dangerous places" and that unless an inmate is designated as a "Z-Code" (single cell status) inmate, there is no justification for separating cellmates.[4] Defendant's Brief in Support of

---

[4] Blackstone alleges, for the first time, in his brief in opposition of summary judgment that Thompson approached Blackstone on October 17, 2012 and stated that he knew of Blackstone's cellmate's assaultive past and that "he felt bad that he did not contact an [sic] lieutenant and do something when plaintiff first asked him." Plaintiff's Brief in Opposition to Defendant's Summary Judgment Motion, [ECF No. 66 at pp. 10]. As Blackstone is a prisoner appearing *pro se* the Court will treat this factual allegation as though it was included in Blackstone's complaint. *See Baker v. Younkin*, No. 13-1580, --Fed. Appx.--, 2013 WL 3481724, at *2 n. 2 (3d Cir. July,

7

Motion for Summary Judgment, [ECF No. 54 at p. 7] (citing *Lyons v. Beard*, 2011 WL 398273 at *9 (M.D. Pa. 2011)).

To rebut Thompson's assertion that his knowledge of Weedon's "H-Code" status was insufficient to alert him that Blackstone's safety was at risk, Blackstone cites *Farmer*, where the Supreme Court held that "[n]or may a prison official escape liability for deliberate indifference by showing that, while he was aware of an obvious, substantial risk to inmate safety, he did not know that the complainant was especially likely to be assaulted by a the specific prisoner who eventually committed the assault." *Farmer*, 511 U.S. at 843. While *Farmer* is instructive, the Court is persuaded by Thompson's assertion that the inference that Blackstone's safety was at risk simply because Weedon was an "H-Code" inmate is speculative at best. Defendant's Brief in Support of Motion for Summary Judgment, [ECF No. 54 at p. 8]. Blackstone does not allege that he had any prior altercations with Weedon, nor does he allege that Weedon had a propensity for specifically assaulting his cellmates. Under similar circumstances, the Court of Appeals for the Third Circuit held that "the risk of the harm that occurred was the risk that an inmate with a history of violence might attack another inmate for an unknown reason. We cannot conclude on these allegations that prison officials were deliberately indifferent to such a speculative risk." *Bistrian*, 696 F.3d at 371. Based on *Bistrian*, the Court finds that the summary judgment record is void of any evidence that establishes that Thompson was deliberately indifferent to Blackstone's safety.

Assuming, *arguendo*, that Blackstone can establish that Thompson was deliberately indifferent to his safety, the evidence in the summary judgment record fails to establish that

---

3, 2013) (citing *Lewis v. Attorney General of US*, 878 F.2d 774, 777 (3d Cir. 1989)). However, this alleged statement by Thompson does not alter the Court's recommendation that on the day of the incident, Thompson was not aware that Blackstone's safety was at risk.

Blackstone was assaulted as opposed to engaged in a mutual fight. Security cameras at SCI-Greene captured the entire altercation. Defendant's Brief in Support of Motion for Summary Judgment, Exhibit B, DVD-November 9, 2011 [ECF No. 56-1]. The DVD recording shows that while Weedon initiated the fight by making physical contact with Blackstone from behind, Blackstone quickly stood up and the two engaged in what amounts to a wrestling match for no more than twenty seconds. Rather than being the victim of an assault, it is Blackstone who appears to be in control by holding Weedon on the ground until guards break up the minor altercation. *Id.*

Blackstone cites the disparity in sanctions, he received 30 days in restricted housing compared to Weedon receiving 90 days in restricted housing, as further proof that he was assaulted. Compl., [ECF No. 9 at ¶ 15]. The Court finds that the disparity in sanctions does not establish that Blackstone was a "victim." There is no record evidence explaining the disparate sanctions. It could be easily assumed that the discrepancy is attributable to the fact that Weedon is a repeat offender or because he initiated the fight. However, to label Blackstone as the victim of an assault is simply not supported by the video evidence.

### III. Conclusion

For the reasons stated above, it is respectfully recommended that Defendant's Motion for Summary Judgment be granted in its entirety.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72(D)(2) of the Local Rules for Magistrates Judges, Plaintiff is allowed until **October 21, 2013**, to file Objections to this Report And Recommendation. Any party opposing the objections shall have fourteen (14) days after date of service to respond to the objections. Failure to file

Objections will waive the right to appeal. *Brightwell v. Lehman*, 637 F.3d 187, 193 n.7 (3d Cir. 2011).

/s *Cynthia Reed Eddy*
Cynthia Reed Eddy
United States Magistrate Judge

Dated: October 4, 2013

cc: The Honorable Cathy Bissoon
United States District Judge

Stephen Bernard Blackstone
GE 5445
SCI Greene
175 Progress Drive
Waynesburg, PA 15370

Robert Willig
Office of Attorney General
Email: rwillig@attorneygeneral.gov